## 52187. GRAINGER et al. v. THE STATE.

McMurray, Judge.

Defendants were indicted and convicted of aggravated sodomy and sentenced to serve various terms from 15 to 20 years. Defendants appeal. *Held:*

1. The alleged offense occurred in jail. One of the defendants had been tried earlier in the week for rape and acquitted. Counsel for defendants moved that the case be continued as to this defendant, citing *Campbell v. State,* 24 Ga. App. 130 (1) (100 SE 18). But this case is against the defendant in that no disqualification of all of the jurors is shown, and a continuance would not be required because certain of them might be disqualified. There is no merit in this complaint.

2. Errors enumerated to the admission of a certain knife found in the jail cell after the alleged offense and also to a charge by the court with respect to aggravated assault are argued together. True, the victim testified that no knife was used on him to force him to commit the act. But a knife was used by one of the parties "concerned" in the commission of the crime to prevent others in the cell from interfering with the offense when it occurred. See Code Ch. 26-8. The court did not err in allowing this knife in evidence. Nor did the court err in charging on aggravated assault since this could have been a lesser included offense to that of aggravated sodomy. See *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

3. During the trial one of the prisoners who was in jail at the time of the alleged offense had been transferred and had been subpoenaed by the defense. This witness was not on the witness list furnished the defense. When he was called, the defense promptly objected to him being used as a witness, at which time the assistant district attorney appearing for the state stated in his place that he had not been available for the state to talk to him; that he was under subpoena from the defendants and that certainly the state had a right to call him as a witness since the defense has his name and knows of him.

The law clearly states in Code Ann. § 27-1403, as amended (Ga. L. 1966, pp. 430, 431), that without the consent of the defendant, "no witness shall be permitted to

testify for the state whose name does not appear upon the list of witnesses as furnished to the defendant, unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of furnishing the defendant with a list of the witnesses."

We do not reach the question as to whether or not this amounted to newly-discovered evidence of which the state was not aware. Examination of the record fails to disclose a demand for a list of witnesses, but indeed, a waiver by the public defender of arraignment and a "list of witnesses, sworn before the grand jury." A list of witnesses was apparently furnished the defense, as disclosed by the transcript. But with no formal demand shown and a partial waiver of a list of witnesses, although waiver of the list of witnesses appearing before the grand jury is not a waiver of the witnesses who would testify at the trial, we have no evidence of a formal demand before arraignment as required by Code Ann. § 27-1403, supra. *Yeomans v. State,* 229 Ga. 488, 489 (1) (192 SE2d 362). Nor was there any motion for mistrial or for continuance. The court did not err in allowing this witness to testify. See *Davis v. State,* 135 Ga. App. 203, 206 (3) (217 SE2d 343); *Hunnicutt v. State,* 135 Ga. App. 774 (1) (219 SE2d 22).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED MAY 4, 1976 — DECIDED MAY 21, 1976.

*E. Kontz Bennett, Jr.,* for appellants.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.