### 53133. HUFF v. THE STATE.

WEBB, Judge.

Charles Huff appeals from his conviction of aggravated assault, urging error with respect to rulings on evidentiary matters. We affirm.

1. Huff contends that it was error to allow the victim to testify because the victim's name did not appear on the list of witnesses furnished by the state pursuant to Code Ann. § 27-1403. It is urged that this section should be given a mandatory construction so that an unlisted witness should be absolutely barred from testifying. This court, however, has consistently refused to do so, holding rather that the statute "must be subject to reasonable interpretation" (*Elrod v. State,* 128 Ga. App. 250, 252 (196 SE2d 360) (1973)) and if, under the circumstances, the purposes of the statute were met, or if the relief sought exceeded the relief sufficient to satisfy those purposes, or if the error was harmless, reversal was not required even though the unlisted witness was allowed to testify in

contravention of the statute. *Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889) (1976) and cases cited; *David v. State,* 137 Ga. App. 425 (3) (224 SE2d 83) (1976); *Clark v. State,* 138 Ga. App. 266 (3) (226 SE2d 89) (1976) and cits.

This court is thus committed to the "purposes of the statute" standard of statutory construction which, while condemned by the Supreme Court in another context,[1] has apparently been approved by it with respect to § 27-1403. *Dagenhart v. State,* 234 Ga. 809, 811 (3) (218 SE2d 607) (1975) and cases cited; *Newman v. State,* 237 Ga. 376 (3) (228 SE2d 790) (1976). Hence we hold no reversible error appears here because (1) the victim-witness was cross examined by defendant's counsel two months before trial at a preliminary hearing (*Upton v. State,* 128 Ga. App. 547, 550 (3) (197 SE2d 478) (1973)); (2) the name of the witness was on the indictment as the victim and prosecutor (*Hunnicutt v. State,* 135 Ga. App. 774 (1) (219 SE2d 22) (1975)); (3) the court recessed the trial to allow defendant's counsel time to interview the witness, which was done (*Butler v. State,* 139 Ga. App. 92 (1), supra); (4) after the recess and interview the court inquired of defendant's counsel if he had any further motions, and no motion for continuance or other time-gaining procedure was made, counsel insisting on barring the witness completely. *David v. State,* 137 Ga. App. 425 (3), supra; *Grainger v. State,* 138 Ga. App. 753, 754 (227 SE2d 483) (1976).

2. Defendant objected to the introduction of a police radio log offered under the Business Records Act, Code Ann. § 38-711, the ground of the objection being that the police officer identifying the log was not the one who maintained it. This objection, as stated, was without merit and was properly overruled. *Welborn v. State,* 132 Ga. App. 207 (4) (207 SE2d 688) (1974). Other grounds of

---

[1] Literal and formal compliance with CPA § 52 (a) (Code Ann. § 81A-152 (a)) is required with respect to findings of fact and conclusions of law even where the purposes of the statute are fully met and the result on the merits is unaffected. *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975).

objection to the log not stated below will not be ruled upon for the first time here. *Harrison v. Lawhorne,* 130 Ga. App. 314 (5) (203 SE2d 292) (1973) and cits. In any event the witness was the investigating police officer who had direct knowledge of, and who testified to, the matters contained in the log, and this was primary evidence "in the category of a witness having personal knowledge of the facts from which the records were made." *Harrison v. Lawhorne,* 130 Ga. App. 314 (1), supra. Having so testified, the log was cumulative and harmless. *Williams v. State,* 135 Ga. App. 919 (1) (219 SE2d 632) (1975); *Hudson v. State,* 137 Ga. App. 439 (3) (224 SE2d 48) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Submitted January 5, 1977 — Decided January 19, 1977.

*Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.