55113. JACKSON et al. v. THE STATE.

SMITH, Judge.

The appellants, Jackson and West, were convicted and sentenced for committing armed robbery and aggravated assault. The appeal contends there was error in the state's refusal to grant a continuance and a severance, and in the admission of allegedly prejudicial evidence and comment. We affirm the convictions.

1. The defense moved for production of exculpatory evidence in the state's files, including "FBI rap sheets," obtainable by the state, which allegedly would show that

two of the state's witnesses had been convicted of crimes involving moral turpitude. The state produced such a document for one of the witnesses, but replied that it did not have a "rap sheet" for the other witness. The appeal contends that the state's failure to secure and produce this document was a Brady violation (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) denying the appellants due process. It is clear, however, that the constitutional requirement of Brady is that the state produce exculpatory evidence *in its files,* not that the state affirmatively seek out exculpatory evidence, even though that evidence may be more accessible to the state than the defense. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974). There is no evidence that this "rap sheet" existed in the state's file and was actually withheld, so there is no basis for us to find a Brady violation. *Rini v. State,* 236 Ga. 715 (4) (225 SE2d 234) (1976).

2. Absent a showing of an abuse of discretion, this court will not reverse a trial court's refusal to grant either a continuance (*Watts v. State,* 142 Ga. App. 857 (1) (237 SE2d 231) (1977)) or a severance. *Lenear v. State,* 239 Ga. 617 (6) (238 SE2d 407) (1977). We find no such showing of abuse under the facts of this case.

3. Objection is made to several instances of testimony by state witnesses and comment by state's counsel, all of which allegedly prejudiced the jury and operated to deny the appellants a fair trial. However, no objection was interposed at trial in response to any of the testimony or comment, and absent some objection invoking a ruling by the trial court there is nothing for review in this court. *Brown v. State,* 110 Ga. App. 401, 407 (138 SE2d 741) (1964). At any rate, we do not agree that the testimony and comment unfairly biased the trial.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 4, 1978 — DECIDED FEBRUARY 16, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*Ronald K. Owen, Charles M. Richards,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Jack E. Mallard, Assistant District Attorneys,* for appellee.