67239. DAVIS et al. v. THE STATE.

CARLEY, Judge.

Appellants were tried with two other co-defendants for armed robbery. The jury found appellants guilty of robbery by intimidation. Appellants' motion for new trial was denied. They appeal from the judgments of conviction and sentences entered on the guilty verdicts.

1. Appellants' first enumeration of error raises the general grounds. The evidence was sufficient to authorize a rational trior of fact to find, beyond a reasonable doubt, that each appellant was a party to the crime. See generally *Miller v. State*, 163 Ga. App. 406 (294 SE2d 614) (1982); *Stevens v. State*, 158 Ga. App. 656 (281 SE2d 629) (1981); *Bell v. State*, 156 Ga. App. 190 (274 SE2d 153) (1980).

2. Appellants assert that the trial court erred in allowing three "improper remarks" to be made in the presence of the jury. With regard to two of the alleged "improper remarks," no objection was raised. "[A]bsent some objection invoking a ruling by the trial court there is nothing for review in this court. [Cit.]" *Jackson v. State*, 145 Ga. App. 526, 527 (3) (244 SE2d 49) (1978).

The third "improper remark" occurred during the district attorney's closing argument for the state. There is no transcript of the closing argument itself, only a transcript of appellants' objection and the trial court's ameliorative action taken in response thereto. "There being no transcript of the argument — and considering the court's curative instructions in conjunction with the absence of any motion for mistrial — we find no error. [Cits.]" *Alexander v. State*, 150 Ga. App. 41, 44 (256 SE2d 649) (1979).

3. Appellants enumerate as error the admission of "evidence as to prior bad acts which placed [their] character into evidence." In their briefs, appellants argue that the district attorney made extensive inquiry into a burglary which took place prior to the crime for which they were being tried.

The only direct reference we find to a prior burglary was made by one of appellants during his direct examination. This testimony, which was elicited by appellants' own counsel, was to the effect that the co-defendants had broken into an establishment and stolen several guns. During cross-examination, the district attorney made no reference whatsoever to this prior burglary which, as noted above, had been introduced into the case by appellants' own counsel. The district attorney merely asked questions about the fruits of that burglary,

which were apparently the guns found in the possession of appellants and their co-defendants on the day of the robbery for which they were being tried. Appellants raised no objection to the district attorney's cross-examination on the ground that it placed their character into evidence.

This enumeration is meritless.

4. It is asserted that the trial court made an impermissible comment on the evidence. No objection whatsoever was raised after the alleged improper comment. "The question of whether [OCGA § 17-8-55] has been violated is not reached unless an objection or motion for mistrial is made." *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978).

5. Appellants contend that their twenty-year sentences constitute cruel and unusual punishment. " 'A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit. [Cit.] This court is without authority to review sentences within the statutory range.' [Cits.]" *Covington v. State*, 157 Ga. App. 371 (2) (277 SE2d 744) (1981).

*Judgment affirmed. Banke, J. concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MARCH 6, 1984.

*Robert Benham*, for appellants.
*Darrell E. Wilson, District Attorney*, for appellee.