67706. LOGAN v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of the sale and distribution of marijuana in violation of the Georgia Controlled Substances Act. He contends the trial court erred by allowing a witness whose name was not included in the list of state witnesses to testify over appellant's objection.

The record discloses that before Traci Calhoun was called as a state witness appellant objected to any testimony from her on the ground that appellant had submitted a written demand for a list of witnesses, and Calhoun's name was not on the list. Appellant acknowledged receiving oral notification that Calhoun would be a witness, but argued that the statute (OCGA § 17-7-110) requires written lists.

The prosecutor advised the court that under the policy in his office the name of an informant is not listed on the indictment until plea negotiations are ended; that when appellant's counsel was ad-

vised of this practice and told that if he felt negotiations had broken down the prosecutor would provide the informant's name to appellant's counsel, he said "O.K."; and that five or six days prior to trial appellant's counsel was given Calhoun's name.

The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974). Appellant did not claim to be unfairly surprised by Calhoun's appearance and did not allege prejudice of any kind from the fact that the notification was oral. Under such circumstances any defect in the failure of the prosecution to include Calhoun's name on the written list of witnesses is harmless. *Newman v. State*, 237 Ga. 376, 382 (3) (228 SE2d 790) (1976).

Although appellant argues for the first time on appeal that five or six days was not sufficient time in which to locate the witness, check her background, etc., five days has been found to be a reasonable time for such purposes. *Hicks*, supra.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 4, 1984.

*Kenneth W. Krontz, Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.