## 69759. BRYANT v. THE STATE.
(330 SE2d 743)

SOGNIER, Judge.

Appellant was convicted of theft by taking and theft by receiving stolen property.

1. On August 17, 1984 the State filed a motion to dismiss this appeal on the ground that appellant had escaped from confinement and had not been recaptured. Before acting on the State's motion appellant was recaptured and is now in confinement. Thus, the motion is denied. *Kraus v. State*, 161 Ga. App. 739 (fn. 1) (289 SE2d 555) (1982).

2. Appellant contends the trial court erred by denying his motion for a mistrial after the State impermissibly placed his character in evidence. A police officer was asked by the State if he went to appellant's trailer. He replied: "We went to where we could see the trailer. We knew if Harkins or Bryant was there, as soon as we pulled up everybody would run." Appellant contends this improperly placed appellant's character in evidence.

The trial court overruled the motion without comment or curative instructions. Although the police officer's answer was not responsive and inferentially may have placed appellant's character in issue, it did not directly connect appellant to any crime or criminal activity. In a similar case where a police officer testified he covered the back of

a house to prevent anyone from exiting there, we held that the answer "simply tended to show why the officer was where he was and why he acted as he did. Such evidence properly explained his conduct. As such it was admissible. Evidence, otherwise admissible, does not become inadmissible simply because it might inferentially place the accused's character in issue." *Taylor v. State*, 143 Ga. App. 881, 882 (1) (240 SE2d 236) (1977); *Loggins v. State*, 169 Ga. App. 511, 512 (1) (313 SE2d 769) (1984). Thus, we find no error in the trial court's procedure.

3. Appellant contends error by allowing the State to introduce evidence of an unrelated motor vehicle theft with which appellant was not charged, thereby creating an impermissible inference of guilt and placing appellant's character in issue.

Keitha Rutherford testified that she, Larry Harkins, appellant and his wife were driving in South Pittsburg, Tennessee, and appellant pointed out a 1965 Ford Mustang to steal. Larry Harkins got out of appellant's car and actually stole the Mustang. Rutherford drove the car back to Dalton, Georgia, and appellant later got the chrome spoke wheels from the Mustang for use on his own car.

Appellant argues that this testimony was not admissible because there was no logical connection between the theft of the Mustang and the theft of a 1968 Chevrolet Camaro with which appellant was charged. We do not agree.

Before evidence of independent crimes is admissible it must be shown that the defendant was the perpetrator of the independent crime, and there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Once the identity of the accused as the perpetrator of the independent offense is proven, testimony concerning the independent offense may be admitted to show identity, motive, plan, scheme, bent of mind and course of conduct. Id.

In the instant case it is clear that appellant was an aider and abettor in the theft of the Mustang by selecting it as the car to be stolen by Harkins. As to similarity of the offenses, the record establishes that appellant and Harkins stole at least two cars and a truck, after first deciding what kind of cars, and a truck, to steal. Such evidence is clearly admissible to show a plan or scheme to steal motor vehicles, and a course of conduct followed by Harkins and appellant in stealing the vehicles. *Davis*, supra; *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977).

4. Lastly, appellant contends error by allowing a witness to testify whose name was not included on the list of State witnesses provided appellant, and who was not known to appellant until the day of trial. The witness concerned testified as to the value of the camper

which appellant was convicted of receiving, knowing it to be stolen. Appellant argues that he was prejudiced by such testimony as it allowed him to be convicted of a felony rather than a misdemeanor.

When the witness was called appellant objected, and the court asked appellant's counsel if he had had an opportunity to talk with the witness. Counsel stated he had about five minutes with the witness and the trial court then asked: "Well, you had as long as you wanted because we were in a recess, is that right?" Counsel replied: "Yes sir."

The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. *Logan v. State*, 170 Ga. App. 809, 810 (318 SE2d 516) (1984). At the time of his objection appellant made no claim of surprise by the witness' appearance and did not claim prejudice from the fact he was unaware of the witness until the day of trial. He informed the court he had as long as he wanted to interview the witness and under such circumstances, we find no error. Id.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 3, 1985.

*Rickie L. Brown*, for appellant.

*Stephen A. Williams, District Attorney, Steven M. Harrison, Kermit N. McManus, Assistant District Attorneys*, for appellee.