## 71856. PRICE v. THE STATE.

(347 SE2d 365)

BEASLEY, Judge.

Price appeals his conviction for rape (OCGA § 16-6-1).

1. During the state's case-in-chief, it called as a witness Price's roommate at the time of the alleged offense. The roommate, Dash, had testified at Price's preliminary hearing and at defendant's first trial which had resulted in a mistrial. On cross-examination, defendant attempted to impeach Dash's testimony by references to a transcript of his testimony at the preliminary hearing. Defense counsel asked Dash whether he had made a statement at the preliminary hearing accusing the victim of "running a game" on Price. Dash responded that he had made such statement under oath while in the courtroom. The following colloquy transpired. Defense counsel: "So you made it [the statement] one time. You didn't make it another?" Dash: "Right." Defense counsel: "The oath doesn't mean much to you, does it, sir?" Dash: "It means a lot to me. Don't you know how long that has been?" Defense counsel: "Just a general question, Mr. Dash. Who has gotten you that makes you tell the story worse every time you tell it?"

The state objected and the trial court ruled that counsel's question was improper and was "a reprehensible statement that you should not make in a courtroom." Defense counsel asked to be heard on the matter, claiming that he was trying to develop Dash's bias and interest. The court then sent the jury out and again stated that counsel's question was reprehensible, reasoning that defense counsel had made an erroneous conclusion that Dash was telling a worse story every time he testified and that counsel was invading the province of the jury in reaching that conclusion. Defense counsel then asked permission to make a proffer of proof. The request was denied, counsel objected and the court stood firm.

Appellant now asserts that it was error for the court to disallow the question, admonish counsel in the jury's presence, and refuse to permit a proffer of proof regarding the objectionable line of questioning.

The right to a thorough and sifting cross-examination belongs to every party in regard to the witnesses called against him. OCGA § 24-9-64. While this right may not be abridged, it is not limitless. Its scope rests largely within the discretion of the trial court and will not be controlled by the appellate courts absent an abuse of that discretion. *Goodrum v. State*, 158 Ga. App. 602, 603 (1) (281 SE2d 254) (1981).

Here the witness had already explained why he had said somewhat different things at the preliminary hearing or at the first trial. The information that defense counsel was trying to elicit, i.e., why the

witness' present testimony appeared to be more unfavorable to the defendant than the prior testimony, and was not in and of itself objectionable; it was the argumentative and inappropriate phraseology that was the problem. Questions which are argumentative may be properly excluded on cross-examination. *Haralson v. State*, 234 Ga. 406, 407 (2) (216 SE2d 304) (1975). At no time did defense counsel attempt to rephrase the question, but rather sought to persuade the court of its propriety. We do not find that the court abused its discretion in refusing to permit the question to stand. Nor do we find, under the circumstances, that the court erred in refusing to permit proffer of proof in support of the question because again it was not the substance of the information sought that was objectionable but rather the nature of the question.

As to the propriety of the trial court's terming the objectionable question "reprehensible" in the presence of the jury, though the record shows that defendant lodged objection with the court for the exclusion of the question and the denial of his request to proffer proof, it also reveals that defendant made no objection to the court that it had made improper comment before the jury. Nor did defendant request any curative measures. " '[A]bsent some objection invoking a ruling by the trial court there is nothing for review in this court. [Cit.]' *Jackson v. State*, 145 Ga. App. 526, 527 (3) (244 SE2d 49) (1978)." *Davis v. State*, 170 Ga. App. 126 (2) (316 SE2d 573) (1984); see also *Johnson v. State*, 170 Ga. App. 433, 437 (7) (317 SE2d 213) (1984). "If counsel felt that the remark was prejudicial to the defendant, he should have objected to it at the time." *Gravitt v. State*, 220 Ga. 781, 785 (5) (141 SE2d 893) (1965). Nevertheless, the court's remark disapproving the manner of cross-examination does not constitute an impermissible expression or intimation of opinion by the court as to matters proved at trial or the guilt of the accused. See OCGA § 17-8-55; *Gravitt v. State*, supra at 785 (5).

2. Appellant raises the general grounds, but does not point to any specific area or element in the case where the evidence is legally deficient.

On a challenge based upon the general grounds, we can only review the evidence to determine if there is any evidence to support the verdict, and at this stage, any conflict in the evidence must be resolved in favor of the verdict. Any questions as to the weight of the evidence and the credibility of the witnesses are matters for the jury. *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985).

This case is at bottom a credibility case. The jury was faced with either believing the victim that the act of sexual intercourse was forcible or believing the defendant that the sex act was consensual. As we have said, credibility is the jury's province. Id.; *Smith v. State*, 173 Ga. App. 625 (327 SE2d 584) (1985).

Our review of the evidence reveals that it was sufficient to enable any rational trier of fact to find that the defendant had committed the rape of the victim beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985).

3. Price contends that it was error for the court not to poll the jury. He concedes that he did not request that the jury be polled but asserts that he was not given an opportunity to make the request before the court asked for and received evidence in aggravation of his sentence.

While we know of no authority, and appellant cites none, for the proposition that the trial court has a duty to ask the defendant if he wishes to poll the jury, we do not reach the question. Even if we accept for the sake of argument appellant's view that the trial court's reception of evidence in aggravation occurred so rapidly after verdict as to pragmatically cut off the opportunity to request a poll of the jury, this would not have prevented appellant from lodging an objection, but this was not done. Therefore the objection was waived. *Awtrey v. State*, 175 Ga. App. 148, 152 (6) (332 SE2d 896) (1985). The claimed error cannot be raised here for the first time. *Powell v. State*, 171 Ga. App. 876, 879 (2) (b) (321 SE2d 745) (1984). As we are a court that exists solely for the correction of errors of law and we have no original jurisdiction, *Barnes v. State*, 135 Ga. App. 190 (1) (217 SE2d 443) (1975), we do not reach the merits of appellant's contention.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 8, 1986.

*J. Robert Jones*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, M. Yvette Miller, Assistant District Attorneys*, for appellee.