### 74040. DAVIS v. THE STATE.
(357 SE2d 294)

SOGNIER, Judge.

Davis was charged with rape and convicted of aggravated assault, and he appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that the victim was returning home from work about 11:30 p.m. As she was walking from the bus stop to her home appellant came up beside her and pointed a gun at her. The victim screamed and ran to a nearby house, and when no one answered her knocks on the door, she hid in some nearby bushes. After fifteen or twenty minutes the victim started running toward her home, but was again accosted by appellant, this time with a knife. Appellant put his arm around the victim's neck and forced her into a nearby wooded area. There he ordered the victim to disrobe and had sexual intercourse with her against her will. Although she called her boyfriend immediately after the incident, she did not report the incident to the police. A few days later the victim was in a laundromat and saw appellant across the street. The victim called the police and on their arrival pointed out appellant as the person who had raped her. When a police officer approached appellant he ran into a nearby housing area, but was apprehended a short time later hiding in a crawl space under a house. The victim identified appellant positively as the person who had raped her. Appellant made a statement to the police acknowledging his encounter with the victim but denying that he raped her. Appellant told the police that he thought about raping the victim but did not do so. Appellant did not testify and no evidence was presented by the defense.

Although appellant attempted to discredit the victim's testimony on cross-examination, her credibility was a question for the jury, which decided that issue adversely to appellant. We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by denying his motion for a mistrial after the prosecuting attorney, in closing argument, stated that appellant was guilty.

During closing argument the prosecuting attorney stated: "I am

simply asking that you mete out justice in this case. This man is guilty." Appellant moved immediately for a mistrial on the ground that the prosecuting attorney had expressed his personal opinion that appellant was guilty. The court denied the motion but instructed the jury that counsel can state what they feel the evidence shows, but cannot state any personal opinions they may have about the guilt or innocence of the accused. The court also instructed the jury to disregard any personal opinions of counsel as to the guilt or innocence of the accused. Appellant's renewal of his motion on the ground that the court's admonition to the jury was insufficient was overruled.

A trial court has broad discretion in ruling on a motion for mistrial, and this court will not disturb such a ruling in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve the defendant's right to a fair trial. *Ewald v. State*, 156 Ga. App. 68, 70 (5) (274 SE2d 31) (1980). Under the circumstances of the instant case, we find no abuse of discretion in the denial of appellant's motion. Also, any prejudicial harm caused by the prosecutor's remark was immediately corrected by the trial judge when he ruled it out of the record and instructed the jury to disregard any expression of personal opinion by counsel. *Campbell v. State*, 143 Ga. App. 445, 446 (2) (238 SE2d 576) (1977); *Everett v. State*, 160 Ga. App. 809 (288 SE2d 233) (1982).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 11, 1987.

*Carl P. Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, John H. Petrey, Assistant District Attorneys*, for appellee.