74882. McBRIDE v. THE STATE.
(363 SE2d 802)

BEASLEY, Judge.

Defendant was convicted of rape, OCGA § 16-6-1, and aggravated sodomy, OCGA § 16-6-2, and appeals following denial of his motion for new trial.

1. Defendant contends the evidence was not sufficient to support the verdict.

The victim testified that defendant committed acts which constituted the crimes rape and aggravated sodomy. Much of the victim's testimony was corroborated by a physician who examined the victim. Evidence was introduced showing that defendant had raped and assaulted another woman in 1982 under circumstances similar to those alleged by the victim. Defendant testified and admitted being with the victim on the night in question but denied commission of the crimes.

Construing the evidence in favor of the jury's verdict, any rational trier of fact could have found defendant guilty beyond a reasonable doubt of the offenses of rape and aggravated sodomy. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Bentley v. State*, 179 Ga. App. 287 (1) (346 SE2d 98) (1986); *Price v.*

*State*, 179 Ga. App. 691, 693 (2) (347 SE2d 365) (1986).

2. Next, defendant contends the trial court erred in permitting testimony from a state's witness whose name had not been provided to him prior to trial pursuant to demand as mandated by OCGA § 17-7-110. Over objection, the state presented evidence showing that defendant had been convicted in 1982 of rape and aggravated assault. The victim of those crimes testified that defendant raped and assaulted her under circumstances similar to the circumstances alleged by the victim here.

Prior to trial, the state gave notice that it intended to introduce evidence of a prior conviction, as required by USCR 31.3, and the notice included a certified copy of the indictment, plea, verdict, and sentence.

It also provided defendant with a list of witnesses, but the name of the victim of the prior incident was not on it.

"[T]he statute 'must be subject to reasonable interpretation' (*Elrod v. State*, 128 Ga. App. 250, 252 (196 SE2d 360) (1973)) and if, under the circumstances, the purposes of the statute were met, or if the relief sought exceeded the relief sufficient to satisfy those purposes, or if the error was harmless, reversal was not required even though the unlisted witness was allowed to testify in contravention of the statute. [Cits.]" *Huff v. State*, 141 Ga. App. 66 (1), 67 (232 SE2d 403) (1977). "The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. *Logan v. State*, 170 Ga. App. 809, 810 (318 SE2d 516) (1984)." *Bryant v. State*, 174 Ga. App. 522, 523 (4), 524 (330 SE2d 743) (1985).

In addition, the state did not follow the requisites of USCR 30.3. This was not a newly-discovered witness anyway, as the state admitted that it had put her name on a supplemental list of witnesses but had not filed nor served it. The state, but not defendant, knew she would be called if she could be located for trial.

Defendant complained when it became evident at trial that the state would call the victim in that prior case as a witness. The gist of his objection was that the rule and law were violated and that he was not informed by the "similar transaction" notice that Juanita Evans would be a witness because the incident could be evidenced simply by introduction of the documents, copies of which he had been supplied with. The implication that merely this was the nature of the intended evidence was strengthened by the fact that her name was not on the list of witnesses. That being the case, defendant argued, he was deprived of the alert which would prompt him to interview her before trial, which alert would also prompt him to prepare prior to trial for her cross-examination.

The trial court recognized that the law and rule were not com-

plied with but created what it called an exception, ruling that since the name of the victim was included in the notice of intent to present evidence of a similar transaction, the victim could testify even though not included in the list of witnesses. This was clearly error, as the statute and rules heretofore cited provide for no such exception. And for good reason.

Evidence of a prior conviction is frequently, if not mostly, offered in the form of the documents such as those copied to defendant in this case. Defendant should not have to guess that the state also intends to offer live testimony concerning the details of that prior crime. USCR 31.3 serves a different purpose than does USCR 30.3. The latter requires the state to tell defendant *who* is going to testify. "[T]he transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial." *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974). As explained in that case, the goal is to provide a reasonable time before trial for an adequate preparation of a defense.

The former requires the state to tell defendant that a prior act, which ordinarily would be inadmissible because violative of the prohibition against evidence of bad character (OCGA §§ 24-2-2; 24-9-20 (b)), will be offered on the theory that it is an exception because connected in some way to the crime being prosecuted. This relates to the substance of the evidence, not the means by which it will be conveyed.

As defendant tried to point out below, it was important for him to know that the state intended to call the victim and not rely only on the documents of the conviction, for the documents would only supply the broadest parameters of similarity between the two incidents. The critical details of similarity would have to be fleshed out by the supplementing testimony of a witness knowledgeable about that earlier incident. It would arguably be an easier burden to thwart the introduction or at least the significance of the "similar transaction" evidence if all that was offered was the documentary evidence.

The state, not having notified defendant as required, cannot in these circumstances show that its omission was harmless.

*Judgment reversed. Birdsong, C. J., Banke, P. J., Carley, Pope, and Benham, JJ., concur. Deen, P. J., McMurray, P. J., and Sognier, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

This court has consistently refused to give "a mandatory construction" to OCGA § 17-7-110, "holding rather that the statute 'must be subject to reasonable interpretation' (*Elrod v. State*, 128 Ga. App. 250, 252 (196 SE2d 360) (1973)) and if, under the circumstances, the

purposes of the statute were met, or if the relief sought exceeded the relief sufficient to satisfy those purposes, or if error was harmless, reversal was not required even though the unlisted witness was allowed to testify in contravention of the statute. [Cits.]" *Huff v. State*, 141 Ga. App. 66 (1), 67 (232 SE2d 403).

In the case sub judice, although the victim of the previous similar crimes was not included on the list of witnesses provided by the State to defendant prior to trial, the State provided notice to defendant's counsel, over two months prior to trial, of its intention to introduce evidence of defendant's prior convictions for the rape and aggravated assault of the unlisted witness who testified on behalf of the State. Further, at trial, after defense counsel objected to the testimony of this unlisted witness, he acknowledged that the testimony of the victim of the previous crimes "would be the only way that [the State's attorney] would have an opportunity to prove the prior or similar circumstance." It is also observed that in his argument on appeal defendant makes no claim of surprise by the unlisted witness' appearance at trial. Under these circumstances, it is apparent that the purpose of OCGA § 17-7-110 was satisfied in that defendant was aware, over two months prior to trial, that the unlisted witness would testify at trial. Consequently, following the analysis traditionally applied by this court under similar circumstances, the State's failure to include the witness' name on the list of witnesses was harmless. See *Felker v. State*, 252 Ga. 351, 377 (12) (314 SE2d 621).

I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.

DECIDED NOVEMBER 25, 1987 —
REHEARING DENIED DECEMBER 14, 1987 —

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.