75124. KICKERY v. THE STATE.
(363 SE2d 805)

DEEN, Presiding Judge.

The appellant, Keith Kickery, and his co-defendant, Carl Moore, were jointly tried and convicted of rape. Kickery brings this appeal, contending that the evidence was insufficient to support his conviction and that the trial court improperly admitted evidence of a similar offense allegedly committed by Kickery and Moore.

Late in the evening of July 29, 1986, the sixteen-year-old victim

and three friends went to camp out on Lake Lanier near Buford Dam. They had taken along a half gallon bottle of rum, and were drinking and swimming when Kickery and Moore appeared. Kickery and Moore were strangers, but after some initial conversation they were invited to join the foursome in their revelry. In the early morning hours of July 30, 1986, the victim went to her car to sleep in the back seat; eventually, Moore got in the front of the car and appeared to sleep so soundly that two of the victim's friends, who later went to the car to check on her, could not awaken him. After the two friends checked on the victim, they laid down on a picnic table. (The fourth friend had already passed out on another table.)

According to the victim, Moore got out of the car and came back with Kickery. Kickery grabbed her and held his hand over her mouth, while Moore got the car keys from her and started the car. As Moore drove, Kickery struck her in the face, ripped off her underwear, and repeatedly said "suck my dick." Moore eventually pulled off on to a dirt road and stopped in a wooded area, where both Kickery and Moore raped the victim. They then drove on I-85 until they almost reached South Carolina, with Moore initially driving while Kickery kept saying "suck my dick" to the victim and eventually made her perform that act. They then switched drivers, and Moore raped her again and also made her perform fellatio. Moore resumed driving, allowing Kickery to rape her again and attempt anal intercourse.

Moore eventually told the victim that he was going to take her back to her friends, and actually drove her there; as Moore slowed down approaching the turn-off to the campsite, however, Kickery remarked that he wanted to go to Atlanta first, and Moore started to drive off. The victim then opened the door, jumped out of the car, and ran to her friends. (Kickery and Moore drove off, and were apprehended in Tallahassee, Florida the following day.)

The police were called, and the victim was taken to a hospital for treatment for the extensive contusions she suffered when she jumped out of the car. Swabbings of her vaginal and rectal areas subsequently tested positive for the presence of sperm.

Kickery testified at the trial and denied having any sexual relations with the victim. He explained that he and Moore had accepted the victim's offer of a ride home. Along the way she drove off the road and became hysterical because of the damage to her car. Kickery acknowledged that he may have slapped her to calm her down. Kickery then drove the car, until they reached the fruit stand, behind which he and Moore had been sleeping, and there they all fell asleep in the car. At day break, they drove around some more because the victim was still upset. Kickery eventually drove back to the campsite, and as he slowed down, to his great shock, the victim jumped out of the car and ran towards her friends. Because of this shock, Kickery did not

know what to do, so he kept on driving. He and Moore stopped to sleep in a rest area in Florida, where they were arrested on July 31, 1986.

Ten days before the trial, the state filed its notice of intent to present evidence of a similar transaction, viz., an aggravated assault and rape committed by Kickery and Moore on July 4, 1986, in Massachusetts. That victim's name was clearly indicated in the notice, as well as in the actual Massachusetts indictment that was attached. Although at the time the three-day trial began in this case, the Massachusetts authorities had been unable to locate the seventeen-year-old victim, they eventually found and transported her to Georgia in time to appear at the trial. She was then allowed to testify how, on July 4, 1986, Kickery and Moore had taken her to a wooded area, raped her, and then left her tied, naked to a tree. The victim knew Kickery and Moore before the July 4 rape, and had consented to intercourse with Moore on previous occasions; but on this July incident, she had not consented. She also testified that a few days before this July 4 rape, Kickery had taken her to a wooded area, where he repeatedly told her to "suck his penis" and then raped her. *Held*:

1. Kickery contends that the witness' testimony about the July 4 incident in Massachusetts was improperly admitted, because (1) the state failed to include that witness' name on the list of witnesses, and (2) that Massachusetts incident was not sufficiently similar to the crime charged in this case. We find no merit to either contention.

The purpose of OCGA § 17-7-110, under which the state generally must furnish a list of witnesses upon demand, is to insure that an accused is not confronted at trial with testimony of witnesses whom he has not had an opportunity to interview prior to trial. *Bryant v. State*, 174 Ga. App. 522 (330 SE2d 743) (1985). In the instant case, the trial court allowed counsel for the defendant to interview the witness before she was called to testify, thus satisfying the purpose of the statute. *White v. State*, 253 Ga. 106 (317 SE2d 196) (1984). But compare *McBride v. State*, 185 Ga. App. 271 (363 SE2d 802) (1987).

"Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that appellant was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter." *Wimberly v. State*, 180 Ga. App. 148 (348 SE2d 692) (1986). The similarities between the Massachusetts rape and the offense charged in this case are numerous and obvious, and we have little difficulty concluding that the trial court properly admitted that evidence of the Massachusetts crime.

2. The evidence certainly authorized a rational trier of fact to find Kickery guilty beyond a reasonable doubt of rape. *Jackson v.*

*Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

Decided December 4, 1987 — 

Jane Kent-Plaginos, for appellant.

*Rafe Banks III, District Attorney, T. Russell McClelland, Assistant District Attorney,* for appellee.