## 75192. McINTOSH v. THE STATE.
### (365 SE2d 454)

SOGNIER, Judge.

Appellant was convicted of trafficking in cocaine and possession of a firearm during commission of a felony, and he appeals.

1. Appellant contends the trial court erred by denying his motion to suppress evidence seized from the car in which he was a passenger, because the investigative stop was pretextual, and therefore, illegal. Evidence presented at a hearing on the motion disclosed that appellant was a passenger in a station wagon that was stopped on I-95 by deputy sheriff Jeff Ginter after he observed the car weaving across lanes. Ginter had overheard truckers on his CB radio talking about a station wagon weaving on the road as though the driver was drunk, and running a car off the road. Thus, when Ginter saw a station wagon fitting the description given by the truckers, he followed the car for about a mile, and saw it weave across the centerline several times. When Ginter stopped the vehicle Richard Lackerson, the driver and a co-defendant, was extremely nervous, his hands shaking so badly he could not find his driver's license in his wallet. Appellant kept reaching under the seat for something. Ginter called over his radio for backup assistance and after another deputy sheriff arrived, Lackerson and appellant were asked to step out of the station wagon. They did so and Ginter asked Lackerson if he would mind Ginter checking the vehicle for any type contraband; Lackerson said "sure, go ahead." Ginter then found a loaded .38 calibre revolver under the passenger seat; a police scanner; and a yellow container with a large number of Q-tips which concealed a plastic bag containing a white

powdery substance. The yellow container was in the tire well under the spare tire.

We find nothing in the evidence to indicate that Ginter stopped the station wagon on a traffic violation as a pretext for searching the vehicle. On the contrary, Ginter's stop was based on what truckers had said over the radio and Ginter's personal observation of the station wagon weaving across the centerline while following it for a mile. Only *after* stopping the vehicle was Ginter's suspicion aroused by Lackerson's extreme nervousness and appellant's actions in reaching under the seat. It is undisputed that Lackerson's consent to search was given freely, and one of the exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. *Mancil v. State*, 177 Ga. App. 663, 664 (340 SE2d 279) (1986). Hence, it was not error to deny appellant's motion to suppress evidence seized from the car by Ginter.

2. Appellant asserts error by failing to grant a mistrial after his character was improperly placed before the jury. In administering the oath to the jury, the clerk stated that appellant was charged with trafficking in cocaine, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The latter charge had been severed from the instant charges for trial and was not before the court for consideration; thus, appellant moved immediately for a mistrial. He contends denial of the motion was error.

The trial court immediately instructed the jury that the charge of possession of a firearm by a convicted felon had no relationship to trial of the case, and instructed the jury to disregard anything the clerk had said in that regard. The court further instructed the jury that the only issues for the jury's consideration were the offenses of trafficking in cocaine and possession of a firearm during the commission of a felony. The court again instructed the jury to disregard any inadvertent statement by the clerk, and overruled appellant's motion for a mistrial. The court then ordered the clerk to administer the correct oath, and the clerk did so.

"A trial court has broad discretion in ruling on a motion for mistrial, and this court will not disturb such a ruling in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve the defendant's right to a fair trial. [Cit.]" *Davis v. State*, 182 Ga. App. 841, 842 (2) (357 SE2d 294) (1987). Under the circumstances here, we find no abuse of discretion in view of the corrective measures taken by the trial court, and thus, it was not error to deny appellant's motion for a mistrial. *Aldridge v. State*, 153 Ga. App. 744, 745-746 (3) (266 SE2d 513) (1980).

Appellant also argues that his character was improperly placed before the jury by entry on the record of the nolle prosequi of the charge of possession of a firearm during commission of a felony

against Lackerson, appellant's co-defendant. However, there is nothing in the record to indicate that the jury was informed of the nolle prosequi of a charge against Lackerson, and appellant made no motion for a mistrial as to such an alleged action. Hence, there is nothing for us to review as to this matter.

3. Appellant alleges that the trial court erred by allowing Gail Bruen, a State witness, to testify because her name was not on the list of witnesses provided to appellant. When this issue arose the prosecuting attorney stated on the record that the witness had only become known to him within the preceding 72 hours. The trial of this case commenced on a Wednesday, and the State learned of this witness and interviewed her late in the afternoon of the preceding Monday. The prosecuting attorney notified appellant's counsel of the State's witness on Tuesday morning, and the witness was interviewed by appellant's counsel the same day.

The purpose of OCGA § 17-7-110 (furnishing list of witnesses to accused) is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. *Logan v. State*, 170 Ga. App. 809, 810 (318 SE2d 516) (1984); *Bryant v. State*, 174 Ga. App. 522, 524 (4) (330 SE2d 743) (1985). Since appellant's counsel acknowledged that he interviewed the witness prior to trial, and the trial court offered counsel time to interview the witness if counsel had not earlier talked to the witness, it was not error to allow the witness to testify. Id.

4. Appellant contends the trial court erred by denying his motion to sever his trial from that of Lackerson, resulting in prejudice to appellant constituting a denial of due process. He argues that once the State was allowed to nolle prosequi the charge of possession of a firearm during commission of a felony against Lackerson, after the jury had knowledge that the charge was originally pending against both defendants, appellant would be unduly prejudiced because the jury would have the impression that appellant was guilty.

A motion for severance of defendants is a matter within the sound discretion of the trial court, and the ruling of the court is subject to reversal only for an abuse of that discretion. *Grimes v. State*, 168 Ga. App. 372, 374 (2) (308 SE2d 863) (1983). In exercising its discretion, the trial court should consider whether a joint trial will create confusion of evidence and law; whether there is a danger that implicating one defendant will be considered against the other; and whether the co-defendants will present antagonistic defenses. *Cole v. State*, 162 Ga. App. 353, 355 (4) (291 SE2d 427) (1982). In the instant case the evidence as to trafficking in cocaine was the same as to both defendants, so there was no danger of confusion of evidence and law. The remaining charge against each defendant was for a different offense as to each accused, so there was no danger that evidence against

Lackerson could be used against appellant. Lastly, we note that the two defendants did not have antagonistic defenses.

Before this court will find an abuse of discretion we must be satisfied that appellant suffered prejudice of a substantial nature, and the burden is on him to make a clear showing of prejudice which was harmful; appellant must also show that the harm could have been avoided by a separate trial. *Grimes*, supra. Appellant has not met this burden, and we find nothing in the record to show prejudice against appellant resulting from a failure to sever his trial from that of Lackerson. Appellant's reliance on *Johnson v. State*, 158 Ga. App. 398, 399 (4) (280 SE2d 419) (1981), is misplaced, as that case dealt with joining separate offenses, *committed by the same defendant*, solely on the ground that the offenses were of the same or similar character. Accordingly, there was no error in denial of appellant's motion to sever.

5. Lastly, appellant alleges error in denial of his motion for a directed verdict of acquittal, which was based on insufficiency of the evidence. In addition to evidence of the search and seizure of evidence from the vehicle in which appellant was a passenger, discussed in Division 1, a forensic chemist testified that he analyzed the white powder found in the vehicle and determined that it contained cocaine. The powdery substance weighed 188.3 grams and contained 73.6 percent, or 138.6 grams, of pure cocaine. Appellant testified that he and Lackerson were in a rental car that appellant borrowed from Alice Brown, and appellant did not know the cocaine and the revolver were in the car.

Appellant argues that OCGA §§ 16-13-31 (a) (1) (trafficking in cocaine) and 16-11-106 (possession of a firearm during commission of a felony) both require actual physical possession of cocaine and a firearm *on his person*, and since neither the cocaine nor the revolver was on his person, his conviction of those offenses cannot be sustained.

As to the offense of trafficking in cocaine, this argument has been decided adversely to appellant. *Evans v. State*, 167 Ga. App. 396, 397 (1) (306 SE2d 691) (1983). Since OCGA § 16-13-31 (a) (1) provides that any person who is knowingly in actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine commits the felony offense of trafficking in cocaine, we find the evidence as to that offense sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). As to possession of a firearm during commission of a felony, however, we agree with appellant that his conviction of that offense must be reversed.

This court has held that evidence that guns were in a car during commission of a felony was not sufficient to show that the defendants had guns *on their persons* during commission of a felony, as required

by OCGA § 16-11-106, supra. *Beal v. State*, 175 Ga. App. 234, 238 (4) (333 SE2d 103) (1985). Although § 16-11-106 (a) has been amended by adding the phrase "or within arm's reach" after the phrase "on his person," Ga. L. 1987, p. 624, § 1 (now OCGA § 16-11-106 (b)), that amendment was not effective until July 1, 1987, almost two months after appellant's trial. Thus, the amendment would be an ex post facto law insofar as appellant's trial and our consideration of this appeal are concerned, and as such, is prohibited. Art. I, Sec. I, Par. X, Const. of Ga., 1983. "As a general rule, 'any law is ex post facto which is enacted after the offense was committed, and which, in relation to it or its consequences, alters the situation of the accused to his disadvantage.'" *Winston v. State*, 186 Ga. 573, 575 (1) (198 SE 667) (1938); *Todd v. State*, 228 Ga. 746, 748 (187 SE2d 831) (1972). The amendment clearly alters the situation of appellant to his disadvantage, and thus, cannot be considered on this appeal. While we recognize that the prohibition against ex post facto laws applies only to substantive, not procedural, changes, *Cannon v. State*, 246 Ga. 754, 755 (1) (272 SE2d 709) (1980), the amendment was clearly a substantive change as it altered the evidence required to be found guilty of this offense. See *Todd*, supra. Accordingly, appellant's conviction of possession of a firearm during commission of a felony must be reversed, because the revolver was not on his person during commission of a felony (trafficking in cocaine). *Beal*, supra.

*Judgment affirmed as to Count I, trafficking in cocaine. Judgment reversed as to Count II, possession of a firearm during commission of a felony. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 6, 1988 —
REHEARING DENIED JANUARY 25, 1988 — 

*John B. Achord*, for appellant.
*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.