29886, 29887. HUFF *v.* THE STATE.

DECIDED JANUARY 12, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, Quincy O. Arnold,* contra.

BROYLES, C. J. Robert L. Huff was convicted on two separate indictments charging him with the offense of robbery. One indictment charged that he and Oliver Ferguson, by force and intimidation, took from the person of Robert Gibson, with intent to steal the same, twenty-five dollars in money, of the value of twenty-five dollars and the property of said Gibson. The other indictment charged that George Crim was similarly robbed of fifty-one dollars in money, which was his property, by Robert L. Huff, Oliver Ferguson and Joe R. Walters. By consent the defendant was tried on both indictments at the same time. In each case a motion for new trial, containing the usual general grounds and one special ground, was overruled, and that judgment is assigned as error in each separate bill of exceptions.

The general grounds of the motions for new trial are not argued or insisted upon in the brief of counsel for the plaintiff in error

and therefore are treated as abandoned. In each case the special ground assigns error on the failure of the court to instruct the jury upon the weight they should give to the testimony of an accomplice, since an accomplice of the accused testified against the accused. The ground is without merit. There was no request for such a charge, and in each case the defendant's conviction did not depend wholly upon the testimony of the accomplice. "The defendant's conviction not depending wholly upon the testimony of an accomplice, the court did not err in failing to instruct the jury upon the law of corroboration of an accomplice, there being no request for such a charge." *Musgrove* v. *State, 29 Ga. App.* 310 (114 S. E. 925); *Williams* v. *State,* 40 *Ga. App.* 217 (149 S. E. 292); *Robinson* v. *State,* 84 *Ga.* 674 (11 S. E. 544). In each case the refusal to grant a new trial was not error.

*Judgments affirmed. MacIntyre and Gardner, JJ., concur.*