## 54664. GARVIN v. THE STATE.

Birdsong, Judge.

Appellant Garvin was convicted along with a co-defendant of the armed robbery of two sisters and an aggravated assault committed upon the husband of one of the sisters. Each defendant was sentenced to serve 20 years for each armed robbery and 10 years for the aggravated assault, the sentences to run consecutively. Garvin alone appeals, enumerating eight alleged errors.

The facts show that a violent robbery occurred with approximately $92 in currency being taken at gunpoint from the two elderly victims. Three persons were involved in the robbery, two of whom entered the victim's house while `the third remained in appellant's automobile. Appellant and the other co-defendant fled the scene after the robbery and were not apprehended until some time later. The participant who remained in the car was apprehended at the scene. He was indicted for the offenses of which Garvin was convicted, but on the day of the trial, the state entered a plea of nolle prosequi against him in exchange for his testimony. In addition to the testimony of the driver placing the appellant at the scene of the robbery, evidence also showed that appellant's car was at the scene, his palm print was lifted from the stair railing

in the home and one of the robbery victims testified that the two defendants on trial looked like the ones who committed the robberies and she was fairly certain they were the two men. Additionally, other evidence placed all three men together on the morning of the robberies and proceeding toward the area where the robberies occurred.

1. In his first enumeration of error, appellant contends that the trial court erred in refusing to limit the statement of the driver to the guilt of the driver alone. This enumeration is meritless. The driver may have been an accomplice but was not an accused or co-defendant inasmuch as the charges were not prosecuted against him. Though the out-of-court statement made by the witness may have been hearsay, the witness was called and testified fully as to all salient points and was subject to complete cross examination. If there was any error in the admission of his out-of-court statement, it was harmless. *Glass v. State,* 235 Ga. 17 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53).

2. Contrary to his assertions of error in Enumerations 2 and 8 complaining that the evidence was insufficient to withstand a motion for a directed verdict of acquittal and a motion for a new trial because there was no corroboration of the testimony of the driver, we find the evidence more than adequate to support both the testimony of the accomplice and the finding of guilty. It is not required that the corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material part. *Taylor v. State,* 110 Ga. 150 (35 SE 161); *Dixon v. State,* 116 Ga. 186 (42 SE 367). Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans v. State,* 78 Ga. 351; *Roberts v. State,* 55 Ga. 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence. *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248); *Slocum v. State,*

230 Ga. 762 (3) (199 SE2d 202); *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164). These enumerations are without merit.

3. In his third enumeration of error, appellant complains that the trial court erred in failing to grant a continuance because the same attorney had originally defended both appellant and the driver. This enumeration lacks merit. At the time of trial, not only was the driver not a defendant requiring a defense, but at no time did the appellant request a continuance nor has he shown in any way how the failure of the trial court, sua sponte, to delay the trial has harmed the appellant in any way. It is an old and sound rule that error to be reversible must be harmful. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

4. In Enumerations 4, 6, and 7, appellant complains that the trial court erred in failing to charge upon the weight to be assigned to a co-defendant's testimony, the requirement for corroboration of an accomplice, and the weight to be assigned to the testimony of the appellant. We note initially that the appellant did not request any of these instructions. Moreover, as the state did not rely wholly on the evidence of the alleged accomplice to connect the accused with the offense, it was not incumbent upon the court without request to instruct the jury touching corroboration. *Carter v. State,* 227 Ga. 788, 794 (5) (183 SE2d 392); *Huff v. State,* 68 Ga. App. 738, 739 (24 SE2d 71). Where as here there was no request to charge regarding the weight and credit to be accorded the defendant's testimony it was not error to omit charging on such subject. *Adams v. State,* 138 Ga. App. 242, 244 (3) (225 SE2d 699). As to the weight to be afforded the testimony of the alleged co-defendant (the driver) or the other co-defendant, the trial court gave a full and complete instruction upon credibility. In the absence of a timely written request, the charge given, which was in accordance with accepted legal principles, constituted a sufficient charge. *Bass v. State,* 237 Ga. 710, 711 (229 SE2d 448). Compare *Whigham v. State,* 131 Ga. App. 261, 263 (205 SE2d 467).

5. In his fifth enumeration of error, appellant asserts it was error to allow the driver to testify because the appellant was not notified that the witness would appear

on behalf of the state until the date of the trial. When a witness' name is contained in the indictment, a defendant cannot validly contend that he had been surprised or unable to interview the witness in question through lack of knowledge of such witness. The trial court committed no error in allowing the driver to testify. This is particularly true in the absence of an objection. *Herring v. State,* 238 Ga. 288, 289 (2) (232 SE2d 826); *Hibbs v. State,* 133 Ga. App. 407 (2) (211 SE2d 24).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 19, 1977 — 

*Calhoun & Donaldson, John R. Calhoun, George M. Hubbard,* for appellant.

*J. Lane Johnston, District Attorney,* for appellee.