45363. THE STATE v. McBRIDE.
(368 SE2d 758)

MARSHALL, Chief Justice.

We granted certiorari from an en-banc 6-to-3 decision of the Court of Appeals, reversing the appellee's rape and aggravated sodomy convictions. *McBride v. State*, 185 Ga. App. 271 (2) (363 SE2d 802) (1987).

The Court of Appeals' majority reversed these convictions on the ground that the trial court had erred in allowing a prosecution witness to testify, since her name did not appear on the list of witnesses furnished by the prosecution to the defense.

However, the name of this witness did appear in an allegation in the indictment charging the appellee with recidivism. And, the appellee did not file a demand for a list of witnesses under OCGA § 17-7-110 prior to arraignment. The prosecution nonetheless provided the defense with a list of witnesses at arraignment, and ten days thereafter the defense filed its initial demand for a list of prosecution witnesses.

In addition, the prosecutor provided the name of this witness to the defense in its notice of intent to present evidence of similar trans-

actions under Uniform Superior Court Rule 31.3 (253 Ga. at 854).

The defense filed a motion in limine to exclude the testimony of this witness because her name had not appeared upon the state's original list of witnesses, and she had not been named in any supplemental list. At the hearing held on this motion, the prosecutor stated that the whereabouts of this witness originally had been unknown, but that she had recently been discovered by the prosecution and was present in court available to testify. In the course of objecting to the testimony of this witness, defense counsel stated that her testimony would be the only way of proving "the prior or similar circumstance."

The defense did not request a continuance or otherwise seek an opportunity to interview this witness prior to trial. *Held:*

Under the foregoing circumstances, it is clear to us that the admission of the testimony of this witness was not in contravention of OCGA § 17-7-110, or otherwise error. See *Hicks v. State,* 232 Ga. 393, 398 (207 SE2d 30) (1974); *Prather v. State,* 223 Ga. 721 (1) (157 SE2d 734) (1967). See also *Herring v. State,* 238 Ga. 288 (2) (232 SE2d 826) (1977); *Ferrell v. State,* 149 Ga. App. 405 (6) (254 SE2d 404) (1979); *Garvin v. State,* 144 Ga. App. 396 (5) (240 SE2d 925) (1977); *Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889) (1976). See generally *Huff v. State,* 141 Ga. App. 66 (1) (232 SE2d 403) (1977) and cits. Cf. *Fishman v. State,* 128 Ga. App. 505 (4) (197 SE2d 467) (1973).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JUNE 15, 1988.

*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney,* for appellant.
*Haywood Turner III,* for appellee.