A90A0972. TYUS v. THE STATE.
(397 SE2d 194)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of forgery in the first degree. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant was indicted for fraudulently presenting for payment only one of two stolen payroll checks drawn on the account of Dundee Mills, Inc. At trial, the State was permitted to introduce evidence that appellant had presented both stolen payroll checks for payment. Appellant enumerates as error the failure to sustain his objection to the introduction of evidence that he presented for payment any check other than that which had been alleged in the indictment.

" ' "The admissibility of 'other crime' evidence is a matter determined by the trial court. (Cit.)" (Cit.) The factors pertinent to a determination of the admissibility of the extrinsic crime are similarity, and relevance to the issues in the trial of the case. (Cits.). . . .' " *Mincey v. State*, 186 Ga. App. 839, 840 (2) (368 SE2d 796) (1988). The trial court correctly held that the evidence regarding appellant's presentation of the other check was sufficiently similar so as to be

probative of the intent or guilty knowledge that he had when presenting the check alleged in the indictment. See *Hayes v. State*, 138 Ga. App. 223, 225 (7) (225 SE2d 749) (1976). The jury was instructed that the evidence was being admitted solely for that limited purpose. Accordingly, there was no error in admitting this evidence. *Johnson v. State*, 158 Ga. App. 183, 184 (1a) (279 SE2d 483) (1981).

2. Appellant enumerates the general grounds. From all of the evidence adduced by the State, a rational trior of fact could reasonably have found proof of appellant's guilt of forgery beyond a reasonable doubt. *Johnson v. State*, supra at 184 (1b).

3. Over objection, the trial court permitted a witness who was not listed on the indictment to testify. This ruling is enumerated as error.

Where "[t]he record . . . does not show that any demand for a list of witnesses was filed prior to arraignment as provided by [OCGA § 17-7-110,] . . . the trial court [does] not err in permitting [an unlisted] witness to testify over objection. [Cits.]" *Jackson v. State*, 235 Ga. 857-858 (1) (221 SE2d 605) (1976). In the instant case, the trial court was authorized to conclude that, although appellant's trial counsel had been appointed only a week before, appellant nevertheless had been represented by other counsel at the time of arraignment. Compare *Pealor v. State*, 165 Ga. App. 387 (1) (299 SE2d 904) (1983). Moreover, in making his objection, appellant did not request a continuance or otherwise seek an opportunity to conduct an interview prior to the witness being called to testify. "Under the foregoing circumstances, it is clear . . . that the admission of the testimony of this witness was not in contravention of OCGA § 17-7-110, or otherwise error. [Cits.]" *State v. McBride*, 258 Ga. 321, 322 (368 SE2d 758) (1988).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 12, 1990.

*Griffin E. Howell III*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.