## A94A1849. THOMASON v. THE STATE.
(450 SE2d 283)

BLACKBURN, Judge.

Following a trial by jury, the appellant, David Ray Thomason, was found guilty of one count of voluntary manslaughter. On appeal, Thomason enumerates five errors. *Held:*

1. Thomason contends that the trial court erred by denying his motion to suppress based upon the insufficiency of the affidavit to support the issuance of the search warrant.

"On review of a ruling on a motion to suppress, we construe the evidence most favorably to the trial court's ruling, as the trial court has ruled on disputed evidence and the credibility of the witnesses, and we must accept that ruling unless it is clearly erroneous. [Cits.] We are not authorized to substitute our findings of fact for those of the trial judge." *State v. Brown*, 212 Ga. App. 800, 801 (442 SE2d 818) (1994).

An affidavit submitted in support of a search warrant " 'must set forth sufficient *facts* from which the magistrate or judge can *independently* determine the reliability of both the information and the informant.' [Cit.]" *State v. McKendree*, 188 Ga. App. 290, 291 (372 SE2d 673) (1988). The informant, named on the face of the warrant, related to the affiant that he had personally observed Thomason fire a .22 caliber magnum derringer into a pine tree in a specific location on a property belonging to Thomason's brother. He stated that he had personally seen the resulting bullet holes and that Thomason's brother told him he purchased a .22 caliber magnum derringer for

Thomason.

Corroboration available to the affiant included information that the victim, Ashley Clemmons, had been killed by a bullet fired from a .22 caliber magnum derringer. Pawn shop records confirmed that Thomason's brother had purchased such a weapon. Two witnesses to whom Thomason admitted killing Clemmons stated they had seen Thomason in possession of a .22 caliber "over and under" handgun on the night of the shooting. Moreover, the affiant stated that the informant's demeanor was truthful in relating the foregoing information and that the informant had been known to law enforcement throughout his life as an honest, law-abiding citizen.

Construing the evidence in favor of the trial court's ruling, we conclude that the ruling was supported by some evidence and was not clearly erroneous. *Brown*, supra.

2. Thomason next enumerates as error the trial court's failure to allow him to make an offer of proof regarding the district attorney's claim that Thomason lacked standing to make the motion to suppress. The district attorney's challenge to Thomason's standing to argue the motion to suppress was not entertained by the court and Thomason's motion was heard and ruled upon by the court. Therefore, Thomason's argument is moot.

3. Thomason also enumerates error in that the trial court, over objection, permitted a witness to testify who was not on the list of witnesses provided to Thomason in response to a demand pursuant to OCGA § 17-7-110. In making his objection, Thomason's counsel did not request a continuance or otherwise seek an opportunity to conduct an interview prior to the witness being called to testify. See *Tyus v. State*, 196 Ga. App. 857, 858 (397 SE2d 194) (1990). The purpose of OCGA § 17-7-110, however, may be satisfied if the defendant is given a satisfactory opportunity to interview such a witness before the witness' testimony is taken. *Carroll v. State*, 208 Ga. App. 316, 318 (4) (430 SE2d 649) (1993). The trial court provided Thomason such an opportunity. We therefore find this enumeration to be without merit.

4. Thomason contends that the trial court erred by publishing to the jury an affidavit in the nature of a witness' prior consistent statement which had been admitted in evidence. Where error is raised for the first time before this court, nothing is presented for review, for this court is a court for the correction of error and no issue was ever raised during the trial calling for a ruling. *Leonard v. State*, 146 Ga. App. 439, 440 (1) (246 SE2d 450) (1978). In this regard, while Thomason had objected to the admissibility of the affidavit at the time it was offered into evidence, he made no separate objection to its going out with the jury. While the requirement for such an objection to be made where there has been an objection to the admissibility of the

evidence seems totally unnecessary, we are constrained to follow this long-established rule. *Gribble v. State*, 248 Ga. 567, 572 (7) (284 SE2d 277) (1981). Accordingly, this assignment of error is without merit.

5. In his last enumeration of error Thomason challenges the evidence as insufficient to support his conviction of voluntary manslaughter beyond a reasonable doubt.

At trial, four witnesses testified that Thomason admitted killing Ashley Clemmons by firing indiscriminately into a fight between youths. Officer McClure testified that during the investigation of the case, Thomason's former girl friend, Lisa Brown, told him that Thomason had admitted to her that he had killed Clemmons, although she disavowed having done so at trial. Forensic evidence admitted at trial established a match between the bullet taken from the victim's body and at least one bullet seized in a search of the premises where Thomason worked. Other evidence of record established that Thomason had fired a .22 caliber magnum derringer into the tree from which the bullets were recovered and that he had been in possession of the derringer on the night Ashley Clemmons was killed.

We have reviewed all evidence of record and conclude that the jury verdict was authorized under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 10, 1994.

*Douglas L. Henry,* for appellant.
*Michael H. Crawford, District Attorney,* for appellee.