### A95A0123. BYRD v. THE STATE.
(455 SE2d 318)

BIRDSONG, Presiding Judge.

Richard Byrd appeals his judgment of conviction of one count of armed robbery; the indictment for this count averred, inter alia, that appellant and several co-indictees, acting together as parties to the crime, did take certain property from the immediate presence of the named victim, by use of a revolver. *Held*:

1. To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). A determination whether other hypotheses have been excluded is primarily a jury function. *Murdix v. State*, 250 Ga. 272, 274 (1) (297 SE2d 265). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could exclude every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the armed robbery offense of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Appellant's fifth and sixth enumerations of error are without merit.

2. Appellant contends the trial court erred in admitting in evidence certain statements of appellant when he was not furnished with a complete and accurate copy of such statements prior to trial.

The record reveals that appellant was notified by the State of the substance of the statements, within the meaning of *White v. State*, 253 Ga. 106, 109 (2) (317 SE2d 196), which the State anticipated using against him. Compare *Causey v. State*, 215 Ga. App. 723 (452 SE2d 564). Further, appellant concedes in his brief that State's Exhibit 35-A, B, and C contained the written summary of defendant's statement that was "provided to defendant." Any discrepancies between the testimony of Captain Walters of the City of Sylvester Police Department, and the contents of the statements of which appellant was notified were sufficiently de minimis to be of no legal consequence. "[T]he law has historically declined to take notice of very small or trifling matters." *Thomason v. Times-Journal*, 190 Ga. App. 601, 602 (1) (379 SE2d 551). Additionally, we are satisfied beyond a reasonable doubt that any statements admitted which pertained to offenses of which appellant was acquitted did not contribute

to his conviction for the robbery of Jimmy Bridges at the pawn shop.

Captain Walters testified, regarding appellant's explanation of events following the pawn shop robbery, that appellant made the statement: " 'I told him, hell,' to take the shit home." State Exhibit 35-C, however, summarizes this particular sentence as follows: "I told him hell do to take that shit on." When the testimony of Captain Walters is compared in its totality with the contents of State's Exhibit 35-C, we find beyond a reasonable doubt that the discrepancy noted did not contribute to the guilty verdict of armed robbery of the pawn shop.

3. Appellant contends it was error to allow a witness to testify when the State had negotiated an agreement with the witness to obtain such testimony and had not disclosed the details of the agreement until after jury selection notwithstanding appellant's timely request for such disclosure. Two co-indictees were called to testify by the State. Appellant's sole contention in support of this enumeration is that an undisclosed negotiated plea existed between the witness Telley Styles and the State.

As appellant does not assert in support of this enumeration that an undisclosed negotiated plea existed between co-indictee Casynthia McWhorter and the State this particular issue has not been preserved on appeal. Court of Appeals Rule 27 (c) (2).

As appellant did not timely assert at trial any claim of error before the trial court on the grounds that an undisclosed negotiated plea existed between the State and Telley Styles, this issue is not preserved for appeal. Compare *Cole v. State*, 211 Ga. App. 236, 238 (438 SE2d 694).

Additionally, the record does not affirmatively disclose that any negotiated agreement existed between Telley Styles and the State, which was executed in consideration of Styles' testifying in appellant's trial; the State in its appellate brief expressly denies the existence of such an agreement. Appellant merely asserts in his appellate brief that "[a]ny negotiated plea between Telley Styles and the State regarding his testimony was never provided to appellant prior to trial or otherwise." Facts and inferences asserted in appellate briefs unsupported by the record cannot be considered on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223). Appellant has failed to establish affirmatively by the record that any such negotiated agreement existed between the witness Styles and the State; appellant must establish both harm and error to obtain reversal of a conviction on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901).

4. Appellant contends the trial court erred in allowing the State to call a witness whose name was not provided in response to appellant's demand, pursuant to OCGA § 17-7-110, for a list of witnesses.

Specifically, appellant asserts that the name of Casynthia McWhorter was not provided to appellant until after jury selection. The record discloses that Casynthia McWhorter was averred as one of several co-indictees in Count 6 of the indictment, the armed robbery count of which appellant was found guilty. The State contends, without contravention, that appellant was provided a copy of the co-indictee's pretrial statement before she testified, and, at the commencement of trial, the trial court directed that appellant be provided the co-indictee's statements made at the sentencing phase of her trial. Before appellant cross-examined Casynthia McWhorter, the witness admitted in direct examination that she had made a statement to the police when she was arrested and that subsequently she negotiated a plea agreement on agreeing to testify as a State's witness. Appellant made neither a request for a continuance nor a motion for mistrial in regard to the co-indictee's direct testimony; neither did appellant object when the State called the co-indictee to the stand.

"When a witness' name is contained in the indictment, a defendant cannot validly contend that he had been surprised or unable to interview the witness in question through lack of knowledge of such witness." *Garvin v. State*, 144 Ga. App. 396, 399 (5) (240 SE2d 925). It was not error to allow the testimony of the co-indictee, Casynthia McWhorter, notwithstanding that her name was not included in the list of witnesses; a defendant is placed on due notice that all parties named as victims or co-indictees in an indictment may be called as witnesses. Id.; *Wright v. State*, 167 Ga. App. 445 (1) (306 SE2d 428), citing *Lingerfelt v. State*, 238 Ga. 355, 358 (233 SE2d 356); compare *State v. McBride*, 258 Ga. 321 (368 SE2d 758), citing, inter alia, *Garvin*, supra; see *Manning v. State*, 207 Ga. App. 181, 182 (3) (427 SE2d 521), where the indictment contained the name of the victim-witness.

Additionally, the record affirmatively reveals that, prior to the co-indictee being called to the stand, the trial court directed that appellant be given an opportunity "to thoroughly interview" her; subsequently, appellant's counsel affirmatively responded when asked if counsel "had an opportunity to talk with the witnesses" and stated she was ready to go forward with the trial of the case-in-chief.

*Bentley v. State*, 210 Ga. App. 862 (438 SE2d 110) is distinguishable and not controlling. In *Bentley*, the record revealed the witness declined to be interviewed before testifying, and the State's tactics created an appearance that it was attempting to circumvent the defendant's right to reasonable pretrial access to evidence. In the case at bar, the witness was listed on the indictment as a co-indictee and appellant's counsel made an admission on the record that counsel was accorded an opportunity to talk with the witness and was ready to proceed to trial.

The purpose of OCGA § 17-7-110 is to afford the defendant a

reasonable opportunity to interview witnesses prior to trial so as to avoid his being surprised by testimony at trial. *White v. State*, supra at 109 (3). The purpose of the statute is satisfied, however, where the trial court permits the appellant a reasonable opportunity to interview a witness before he testifies. Id. at 110; accord *Thomason v. State*, 215 Ga. App. 189, 190 (3) (450 SE2d 283); see *Moss v. State*, 196 Ga. App. 81, 83 (3) (395 SE2d 363). For this additional reason, the trial judge did not abuse his discretion in permitting the witness to testify. See generally *Moody v. State*, 258 Ga. 818, 821 (4) (375 SE2d 30).

Further, assuming arguendo error had occurred as enumerated, appellant, by failing to invoke the remedies of continuance or mistrial (id.) and by announcing his readiness to proceed after affirming he had the opportunity to talk with the witness, would have aided such error by his own trial tactics and conduct. See generally *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

5. To the extent the legal issues raised in appellant's fourth enumeration of error (that it was error for the district attorney to fail to respond to his written notice for production of evidence favorable to appellant/defendant) were not properly addressed in the appellant's brief in support of his first enumeration of error, they have been abandoned. Court of Appeals Rule 27 (c) (2). The issues contained in appellant's first enumeration of error were decided against him in Division 2 above.

Appellant's contentions in support of his various enumerations of error are without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 7, 1995.

*Herbert W. Benson, Melinda B. Banks*, for appellant.
*C. Paul Bowden, District Attorney, Melinda I. Ryals, Assistant District Attorney*, for appellee.