A95A1687. IN RE HARVEY.
(464 SE2d 34)

McMURRAY, Presiding Judge.
Respondent Bruce Harvey is appealing an order of Judge Robert J. James, Douglas County Superior Court, dated April 21, 1995, hold-

---

ing him in wilful contempt of court and ordering that he be confined in jail until he purged himself of contempt. Harvey was released from confinement by order of this Court granting an emergency motion for supersedeas.

The events leading up to the contempt order occurred during the trial of a criminal case. During the cross-examination of a State's witness, Harvey produced a series of photographs and questioned the witness in regard to those photos. All of the photographs were marked for identification, but not all of them were tendered nor admitted into evidence. At the conclusion of cross-examination, the prosecuting attorney, Assistant District Attorney William H. McClain, asked for possession of all the photographs that were either entered into evidence or identified and used in questioning the witness. Harvey refused to give McClain the photographs not admitted into evidence. The jury was then removed from the courtroom.

After removal of the jury, the court heard arguments from Harvey and McClain. Harvey's basic contention was that McClain had not objected to the photos when the witness was being questioned, so he had no right to the photos not admitted into evidence. McClain responded that the photos had been placed into evidence before the jury, and therefore, he had a right to question the witness in regard to those photos.

The trial court ordered Harvey to turn over those photos marked for identification and used to make comparisons but not admitted into evidence. The trial court further ruled that McClain would be restricted to using the same style of questioning Harvey had used; that is, he could ask about the comparisons but could not exhibit the photos to the jury.

The trial court pointed out that Harvey had not tendered all of the photographs. Harvey then offered to tender all the photographs. McClain argued that the photos were not admissible because the proper foundation had not been laid, and if allowed to question the witness in regard to the defense photos, he could show they had been altered.

Harvey asked for a hearing on the issue of alteration of the photos. Attorney Billy Spruell, Harvey's co-counsel, joined Harvey by stating that since they were being accused of altering the photos, they could not turn over the photos until a foundation had been laid. He asked to call a witness who could authenticate the photos.

After a lunch recess, the trial court stated that: "The photographs are in the nature of real evidence if you study the Evidence Code and as they're real evidence, if they're presented to a witness to identify any contents, then the witness can be questioned about it and then can be examined by the others about it. Whether it's offered ultimately in evidence is a different matter entirely. Tendering it and

having it admitted is not the test that applies as to whether they can be questioned about the contents. It's in the nature of any other type document that way. With that in view, we've got — the State has a right to have possession of those photographs that were exhibited to this witness in order to continue with the case to examine this witness as to what the witness said about the contents of any particular photographs. . . . Let's produce the photographs to the State, those that are numbered and were presented to [the witness]."

Harvey then noted that McClain had not objected to his asking questions about photographs which were not in evidence but stated that he did object to McClain doing so. The trial court noted the objection and ordered Harvey to deliver the photos to McClain, but Harvey refused.

McClain then asked the trial court to take appropriate action to enforce the order for production of the photos. After offering Harvey an opportunity to speak and after hearing from Spruell, who both asked for an opportunity to establish a foundation for the admission of the photographs and argued that contempt was an unnecessarily drastic measure, the trial court found Harvey in wilful contempt of the court and ordered him to be jailed until such time as he surrendered the photos. Harvey was escorted from the courtroom.

After Harvey was removed from the courtroom, Spruell refused to go forward with the case without his co-counsel and stated he was no more able to comply with the trial court's order to produce the photographs than was Harvey. The trial court recessed so that Spruell and Harvey could confer.

Harvey was brought back into the courtroom and requested the presence of his lawyer. He stated that he would reconsider his position if McClain would reconsider his position and admit the photos. McClain declined to reconsider.

McClain then urged the court to decide the issue of whether the trial could proceed with Spruell as lead counsel and moved to have him produce the photos. Spruell declined to produce the photos and stated again that he did not want to proceed without co-counsel. The trial court ordered Spruell to take the weekend to complete preparation of the entire case and be ready to proceed on the following Monday. Harvey was once again escorted from the courtroom.

The jury was brought back into the courtroom and dismissed for the weekend. McClain stated he felt the photos should be kept under seal of the trial court. Spruell said he would withdraw the photos, but the trial court told him it was too late. The defense exhibits were sealed in an envelope, signed by Spruell, and retained in the custody of the court reporter. *Held*:

Three out of four enumerations of error are predicated upon the erroneous assumption that this case involves criminal contempt. How-

ever, the sanction employed by the trial court being entirely remedial in nature, as opposed to an unconditional punishment, it is clear that we are dealing here with a civil contempt case. *Alexander v. DeKalb County*, 264 Ga. 362, 364 (1) (444 SE2d 743); *Davis v. Davis*, 138 Ga. 8, 10 (1) (74 SE 830). Also, see Judge Edward H. Johnson and Richard D. Reaves' Contempt of Court in Georgia, Georgia State Bar Journal, Vol. 23, No. 2 (November 1986), pp. 66-73. This mistake must have become apparent during the pendency of this appeal since it is acknowledged in supplemental briefs filed on behalf of Harvey. We have read the enumeration of errors and original brief and taken from them the broadest possible issues. At the same time, we may not allow issues clearly beyond the scope of the enumeration of errors, as illuminated by the original brief, to be raised via the supplemental briefs. *Hasty v. State*, 210 Ga. App. 722, 725 (1) (437 SE2d 638); *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

Omitting the references to criminal contempt, the first enumeration of error raises an issue as to the sufficiency of the evidence to support the judgment of contempt. The appropriate standard of proof in a civil contempt case is preponderance of the evidence. *In re Booker*, 195 Ga. App. 561, 564 (4) (394 SE2d 791). The evidence shows that in order to implement the trial court's ruling on an evidentiary matter, Harvey was orally directed to provide certain photographs to the prosecuting attorney. In considering the question of contempt, it is irrelevant whether the trial court's ruling on the evidence question was correct. *Bankers Life &c. Co. v. Cravey*, 209 Ga. 274, 275 (71 SE2d 659); *In re Spruell*, 200 Ga. App. 218, 228 (2) (407 SE2d 451). The wilful refusal of Harvey to comply with the trial court's oral order was direct contempt. *Wood v. State of Ga.*, 103 Ga. App. 305, 316 (1) (119 SE2d 261).

The second enumeration of error maintains that Harvey was not afforded an opportunity to speak on his behalf prior to the trial court entering a finding of contempt and announcement of sanctions. This requirement that the contemnor be allowed to speak prior to summary imposition of punishment was incorporated into Georgia law by *Dowdy v. Palmour*, 251 Ga. 135 (304 SE2d 52), citing *Taylor v. Hayes*, 418 U. S. 488 (94 SC 2697, 41 LE2d 897). In the case sub judice, it appears that this contention is not well founded. Harvey was provided an opportunity to speak and stated only that he would like counsel. Spruell then proceeded to argue against the State's motion for contempt. Only then did the trial court announce that it found Harvey to be in contempt of court.

Attempts in the supplemental briefs to expand the issues presented by the second enumeration of error are improper. These additional arguments being beyond the scope of the enumeration of error may not be considered by this Court. *Hasty v. State*, 210 Ga.

App. 722, 725 (1), supra; *Krebsbach v. State*, 209 Ga. App. 474, 475 (2), supra.

The third enumeration of error contends the trial court erred by imposing an illegal sentence upon Harvey. The argument in support of this enumeration of error references OCGA § 15-6-8 (5) which sets forth the punishment which may be imposed for a criminal contempt. But the limitations imposed in this statute are not applicable to sanctions imposed for civil contempt. *Minor v. Minor*, 257 Ga. 706, 710 (3) (362 SE2d 208).

The fourth and final enumeration of error contends that the legal issue for which the trial court held Harvey in contempt is now moot. It is argued that, since the underlying trial did proceed without the State's access to the photographs and since that trial has ended by mistrial, Harvey's refusal to provide the State with access to the photographs is moot. But none of the factual predicate of this argument is apparent from the record on appeal, and it is well settled that we may not take our facts from appellate briefs. *Byrd v. State*, 216 Ga. App. 510, 511 (3) (455 SE2d 318); *Colevins v. Federated Dept. Stores*, 213 Ga. App. 49, 51 (2) (443 SE2d 871); *Paul v. Joseph*, 212 Ga. App. 122, 125 (441 SE2d 762). Furthermore, a conclusion that some issues in the case are moot would not be of any advantage to Harvey since such a conclusion would not authorize reversal of the trial court's judgment of contempt.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 15, 1995.

*Spruell & Dubuc, Brian M. Dubuc, Michael R. DuPonte*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.