A97A1305. SATTERFIELD v. THE STATE.
(491 SE2d 189)

ELDRIDGE, Judge.

A Cherokee County jury found James Satterfield guilty of the offense of possession of marijuana — less than an ounce. Satterfield appeals, raising as his sole enumeration of error that the trial court erred in permitting the testimony of three witnesses whose names were not on the accusation furnished to him; defendant claims that the names of such witnesses are required to be furnished to him pursuant to OCGA § 17-16-21. *Held*:

OCGA § 17-16-21, enacted as part of the new Discovery Act, Ga. L. 1994, p. 1895, § 4, states in pertinent part: "Prior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, *on demand*, with a list of the witnesses on whose testimony the charge against such person is

---

founded. Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant." (Emphasis supplied.) The language of this Code section is identical to the language contained in the now repealed OCGA § 17-7-110. There is no indication of any intention to attach a different meaning to the same language used in both Code sections. See, e.g., *In the Interest of R. D. F.*, 266 Ga. 294, 295 (2) (466 SE2d 572) (1996). Accordingly, the case law construing OCGA § 17-7-110 would apply to OCGA § 17-16-21.

"Where the record does not show that any demand for a list of witnesses was filed prior to arraignment . . . , the trial court does not err in permitting an unlisted witness to testify over objection. (Cits.) [Cit.]" (Punctuation omitted.) *Tyus v. State*, 196 Ga. App. 857, 858 (3) (397 SE2d 194) (1990). In this case, the record contains no demand made by Satterfield pursuant to OCGA § 17-16-21. Further, Satterfield did not ask for additional time to interview the witnesses; did not claim to be unfairly surprised by the witnesses; and did not allege prejudice of any kind from the fact that the witnesses were called to testify. See *Bates v. State*, 202 Ga. App. 460 (414 SE2d 691) (1992). Under such circumstances, the trial court did not err in permitting the witnesses about which defendant complains to testify.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 11, 1997.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*G. Channing Ruskell, Solicitor*, for appellee.