## A00A1718. LEWIS v. THE STATE.
### (539 SE2d 859)

RUFFIN, Judge.

Lonas Edward Lewis was convicted of driving under the influence of alcohol. On appeal, he contends that the trial court erred in denying his motion to suppress and in allowing a prosecution witness to testify. For reasons which follow, we affirm.

1. Lewis argues that the trial court erred in denying his motion to suppress the results of a blood test due to the alleged failure of the police to timely read him his implied consent rights. However, Lewis did not make such motion or raise any objection on this ground until after the evidence had already been admitted and the State had rested its case. Accordingly, such motion was untimely, and the trial court did not err in denying it.[1]

2. Lewis contends that the trial court erred in allowing the testimony of Officer Jose Del Valle, the officer who read the implied consent notice and supervised the drawing of Lewis' blood, because he had not been identified as a witness in response to Lewis' written demand. Lewis contends that exclusion was required by OCGA § 17-16-21, and that the trial court lacked discretion to allow Del Valle to testify absent a showing that the desired testimony was newly discovered by the prosecutor. However, Lewis did not file his demand for a list of witnesses prior to arraignment, as required by OCGA § 17-16-21. "Where the record does not show that any demand for a list of

---

[1] See *Whittington v. State*, 184 Ga. App. 282, 285 (3) (361 SE2d 211) (1987) (" 'it is too late to urge objections to the admission of evidence after it has been admitted without objection' "); *Aldridge v. State*, 237 Ga. App. 209, 212 (2) (515 SE2d 397) (1999) (objection to implied consent notice waived because defendant failed to file motion in limine or raise timely objection).

witnesses was filed prior to arraignment, the trial court does not err in permitting an unlisted witness to testify over objection."[2] We also note that, although Del Valle was not specifically identified as a witness, the State in response to Lewis' demand produced a copy of the Uniform Traffic Citation, which indicated that Del Valle was the officer who administered the blood test. Moreover, the trial court said that it would give Lewis' attorney "as much time as you need" to interview Del Valle prior to his testimony. "Under the foregoing circumstances, it is clear to us that the admission of the testimony of this witness was not in contravention of [OCGA § 17-16-21], or otherwise error."[3]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 27, 2000.

*John J. Pilcher II*, for appellant.
*Michael J. Moses, Solicitor*, for appellee.

---

[2] (Punctuation omitted.) *Satterfield v. State*, 228 Ga. App. 89, 90 (491 SE2d 189) (1997). See also *Tyus v. State*, 196 Ga. App. 857, 858 (3) (397 SE2d 194) (1990).
[3] *State v. McBride*, 258 Ga. 321, 322 (368 SE2d 758) (1988). See also *Tyus*, supra.