## A00A1822. BROWN v. THE STATE.
### (541 SE2d 112)

MIKELL, Judge.

A jury found Ricky Razino Brown guilty of two counts of disorderly conduct. Brown appeals his conviction, challenging the sufficiency of the evidence. Brown also contends that the trial court erred by: (1) proceeding with a jury trial when it had no jurisdiction over the statute he allegedly violated; (2) proceeding upon an accusation filed by the solicitor without requiring a warrant; (3) failing to invoke the rule of sequestration against a surprise witness; (4) failing to exclude the testimony and statement of a surprise witness; (5) admitting evidence of a prior conviction; (6) admitting a document that had not been authenticated; (7) making a prejudicial statement; (8) limiting his closing argument; (9) failing to charge the jury on justification, intent, and defense of persons; and (10) denying Brown a presentencing hearing and the opportunity to poll the jury. Having determined that the evidence was sufficient to support the verdict and that no reversible error occurred, we affirm.

The standard of review applied in determining the sufficiency of the evidence is that of *Jackson v. Virginia*[1] whether any rational trier of fact could have found guilt beyond a reasonable doubt. This Court has held, "[o]n appeal from a criminal conviction, the evidence must be construed in the light most favorable to [support] the verdict, and an appellant no longer enjoys [the] presumption of innocence."[2]

Viewed in the light most favorable to the verdict, the evidence shows that on May 5, 1999, at approximately 6:00 p.m., Luther and Tim Neace, employees of Tara Wrecker, went to Lake Harbin Apartments to remove 13 illegally parked cars. The apartment complex had contacted Tara Wrecker to provide this service. Courtesy Officer Danny Avery placed orange stickers on the windshields of all of the cars designated for towing.

In preparation to tow the first car, Luther Neace lowered the bed of his truck and loosened his chains to connect the car. Defendant Brown approached Luther Neace and asked what he was doing. Luther Neace testified that upon learning that the car was being removed, Brown became angry and told him, "That's my so-and-so car." In response, Luther Neace told Brown to contact the complex if he had a dispute. Neace testified that Brown pushed him and said, "I'll kill you. If I ever catch you at a gas station or a food mart, I'll beat you up."

Tim Neace, Luther Neace's nephew and co-worker, testified that he saw Brown push his uncle and that Brown also said he would kill

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Hight v. State*, 221 Ga. App. 574-575 (1) (472 SE2d 113) (1996).

Tim Neace as well. The Neaces testified that they feared that Brown might hurt them. Brown's wife and an employee at Tara Wrecker's home office both called the police.

Officer Hanner, the police officer who responded to the 911 call, testified that the scene was volatile when he arrived. Brown denied that he threatened to kill the Neaces, but admitted that he threatened to "kick their ass." As a result, Officer Hanner placed Brown under arrest. Before leaving the scene, however, Officer Hanner released Brown and gave him a copy of the charges. Brown's family members testified that he did not verbally threaten or touch anyone.

1. Brown claims the evidence was insufficient to sustain the convictions. We disagree. "An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses."[3] Additionally, this court will not second-guess what evidence the jury chose to believe.[4] As long as there is some competent evidence on each element necessary to prove the state's case, the jury's verdict will be upheld.[5]

In relevant part, OCGA § 16-11-39 (a) (1) provides: "A person commits the offense of disorderly conduct when such person . . . acts in a violent or tumultuous manner toward another person whereby such person is placed in reasonable fear of the safety of such person's life, limb, or health." Brown admitted that he threatened the Neaces. The Neaces testified that they were in fear for their safety. Although Brown's family testified that he did not threaten the Neaces, conflicts in the witnesses' testimony are properly resolved by the jury, not this court.[6] Accordingly, we find that there was sufficient evidence to convict Brown.

2. In several enumerations of error, Brown argues that the state court lacked jurisdiction to preside over his trial since he was charged with violating a county ordinance. Brown's argument is without merit. State courts have jurisdiction over the trials of misdemeanors,[7] and the offense of disorderly conduct is a misdemeanor.[8] Though the accusation upon which Brown was tried does not specifically cite OCGA § 16-11-39 (a) (1), the accusation mirrors the language of the statute. Brown was not tried for the violation of a county ordinance as he argues in his brief. Since the error enumerated on appeal did not occur, Brown's arguments with respect to this issue

---

[3] *Hight,* supra at 575 (1).

[4] *Camp v. State,* 181 Ga. App. 714 (353 SE2d 832) (1987).

[5] *Jackson v. State,* 236 Ga. App. 260, 261 (511 SE2d 615) (1999); see *Knight v. State,* 239 Ga. App. 710, 713 (2) (521 SE2d 851) (1999).

[6] *Jackson,* supra.

[7] OCGA § 15-7-4 (a) (1).

[8] OCGA § 16-11-39 (b).

are without merit.[9] Furthermore, as Brown was accused of violating a state statute, any arguments regarding the county ordinance are inapposite, including challenges to the constitutionality of the ordinance.

Brown also argues that the state court had no jurisdiction because he did not file a demand for a jury trial. This argument, too, must fail for the reason stated above, i.e., the alleged error did not occur.[10] Brown's demand for a jury trial is contained in the record.

3. Brown contends that the trial court erred by proceeding with the trial on an accusation, instead of a warrant, which would have required a sworn affidavit. This contention must fail. OCGA § 17-7-71 (a) provides that

> [i]n all misdemeanor cases . . . the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant.[11]

In the instant case, no affidavit was required because both exceptions were met. Brown was arrested for the charged offenses at the scene. Also, the accusation was not intended or used as the basis for the issuance of a warrant for his arrest. Furthermore, "Georgia law allows misdemeanor charges to be brought by either accusation or indictment."[12]

Brown also argues that his arrest was unconstitutional because it was based upon an offense that did not occur in the presence of the officer. An arrest for a crime may be made by a law enforcement officer without a warrant if the offense is committed in such officer's presence or within such officer's immediate knowledge.[13] In order to determine exactly what constitutes "immediate knowledge," we must look to "the facts and circumstances existing within the knowledge of the arresting officer at the moment arrest is made."[14] In this case, Brown was arrested immediately after he admitted to the police officer that he threatened the Neaces. Therefore, even though the initial threat was made outside of the officer's presence, it was within

---

[9] *Dukes v. State*, 224 Ga. App. 305, 306 (480 SE2d 340) (1997).
[10] Id.
[11] See also *Blankenship v. State*, 208 Ga. App. 710 (431 SE2d 481) (1993).
[12] *Wooten v. State*, 240 Ga. App. 725, 726 (524 SE2d 776) (1999).
[13] OCGA § 17-4-20 (a).
[14] *Barnett v. State*, 204 Ga. App. 491, 493 (420 SE2d 43) (1992).

his immediate knowledge and justified the arrest. Accordingly, this argument is without merit.

4. Brown contends that the trial court erred by admitting the testimony of Officer Avery because he was not identified on the state's witness list. Brown was charged with a misdemeanor, and the applicable statutory provisions for discovery differ somewhat from those applicable to felony prosecutions. The elective, optional mutual discovery provisions of OCGA § 17-16-1 et seq. are not available. The statute applicable to misdemeanor prosecutions expressly states that the list of witnesses shall be furnished "on demand." Pursuant to OCGA § 17-16-21,

> [p]rior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, on demand, with a list of the witnesses on whose testimony the charge against such person is founded. Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses.

Since the language of this statute, pertaining now only to misdemeanors, is identical to that contained in now repealed OCGA § 17-7-110, the case law construing OCGA § 17-7-110 applies even though former § 17-7-110 applied to felonies and misdemeanors.[15] In *Tyus v. State*,[16] this Court held, "[w]here the record does not show that any demand for a list of witnesses was filed prior to arraignment as provided by OCGA § 17-7-110, the trial court does not err in permitting an unlisted witness to testify over objection."[17]

Brown served his demand for discovery upon the solicitor's office. However, he did not file his demand with the clerk's office; thus, it was not a part of the record before the trial judge. The trial judge examined the clerk's record before overruling Brown's objection to Avery's testifying. Accordingly, under *Tyus*, the trial court was permitted to allow Avery's testimony.

5. Brown argues that the rule of sequestration should have been applied to Officer Avery. The evidence shows that the state invoked the rule before opening arguments. During Officer Hanner's testi-

---

[15] *Satterfield v. State*, 228 Ga. App. 89 (491 SE2d 189) (1997).

[16] 196 Ga. App. 857 (397 SE2d 194) (1990).

[17] (Punctuation omitted.) Id. at 858 (3).

mony, the solicitor informed the court that Officer Avery was "here to testify." At that moment, Brown did not object to a violation of the sequestration rule. Thus, there is no evidence that Avery was in the courtroom before he was called to testify. When Officer Avery was called to testify, again, Brown did not object to a violation of the sequestration rule. "As this is a court for the correction of errors, we will not consider any issues raised on appeal that were not raised and preserved in the trial court."[18] Because Brown failed to raise this objection at trial, we cannot now consider it on appeal.[19]

6. Brown argues that Officer Avery's written statement and his testimony about his statement should have been excluded on the grounds that they constituted hearsay.[20] "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons."[21] Officer Avery's statement was not based upon statements provided to him by others. It was written by Officer Avery and described his conduct when he tagged Brown's car. Since Officer Avery was present to testify, neither his written statement nor his testimony about his statement constitutes hearsay.

Brown also contends that the written statement should have been excluded because it was not produced in response to his discovery demand. However, Georgia law does not require prosecutors to make their witnesses' statements available for discovery by the defendant in a misdemeanor case.[22]

In an attempt to prevent the testimony of Officer Avery, Brown filed a *Brady* motion in open court. However, there was no *Brady* violation. "The *Brady* line of cases protects defendants from prosecutors suppressing exculpatory evidence."[23] The evidence from Officer Avery's statement, that he tagged Brown's car, was not exculpatory evidence. Accordingly, we find these arguments lack merit.

7. Brown argues that his prior conviction should have been excluded since he was not given notice by the solicitor that it would be utilized during the trial. When the state tendered the prior conviction as an exhibit, Brown stated: "The defense will not object to her putting that in, because it was just something that happened." Since

---

[18] *Cheesman v. State*, 230 Ga. App. 525 (497 SE2d 40) (1998).

[19] *Hight*, supra at 576 (6).

[20] Avery's statement provided, "On the evening of April 29th, 1999, while patrolling the property at 2070 Lake Harbin Road, I tagged a white vehicle in front of apartment number D-6 for having an expired tag."

[21] OCGA § 24-3-1.

[22] *Walter v. State*, 256 Ga. 666 (352 SE2d 570) (1987); OCGA § 17-16-20 et seq.

[23] *Walter*, supra at 668. See *Stevens v. State*, 242 Ga. 34 (1) (247 SE2d 838) (1978); *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974).

Brown failed to object, he has waived this claimed error.[24]

8. In Brown's eighth enumeration of error, he argues that the trial judge erred when he commented upon what charge made against the defendant was important in this trial. Brown did not cite to the record for the alleged error. However, in his brief, he quotes the trial transcript where the error allegedly occurred. Sustaining the state's objection, the trial judge told the jury:

> Essentially what the officer charged the defendant with or what options he had in charging him with different offenses is basically irrelevant to you, because what binds you and what binds the inquiry that this Court is making is what charges are embodied in the four corners of the written accusation that's presented to you.

Brown did not object to the judge's statement during the trial.

OCGA § 17-8-57 provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." The question of whether a trial judge has violated this statute is not reached unless an objection or motion for mistrial is made.[25] Furthermore, "[r]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence."[26]

In this case, the issue was not properly preserved for review because Brown did not object or make a motion for a mistrial. Even if Brown had objected, there was no error since the trial judge was simply explaining his ruling to the jury. Therefore, this enumeration is without merit.

9. Brown contends the trial court improperly limited his closing argument. Brown argues that the jury should not have been told that statements made during closing argument are not evidence. He contends that he was prevented from "testifying" during his closing argument. Also, Brown argues that he should have been allowed to mention his possible punishment, if convicted, during his closing argument.

The statement by the court that counsel's opening and closing

---

[24] *Wynn v. State*, 225 Ga. App. 206 (483 SE2d 352) (1997); *Burruss v. State*, 242 Ga. App. 241, 243 (529 SE2d 375) (2000) (even when the state is required to give notice of its intent to admit prior convictions into evidence before sentencing, if the defendant failed to object, the issue is not preserved for review).

[25] *Richards v. State*, 232 Ga. App. 584, 587 (2) (502 SE2d 519) (1998).

[26] (Punctuation omitted.) *Johnson v. State*, 234 Ga. App. 58, 59 (1) (506 SE2d 212) (1998), citing *McGinnis v. State*, 258 Ga. 673, 675 (4) (372 SE2d 804) (1988).

arguments are not evidence is correct.[27] Furthermore, since OCGA § 17-8-75 precludes counsel from making statements to the jury based upon facts which are not in evidence, the court's rulings preventing Brown from testifying to facts not in evidence during his closing argument was correct. Finally, Georgia law provides that it is not error for the court to prevent counsel from mentioning the potential punishment which the defendant could receive if convicted.[28] Consequently, this contention is without merit.

10. Brown argues that the trial court erred by failing to charge the jury on justification, intent, and defense of persons. However, the record reveals that the trial court charged the jury on justification and intent in accordance with the Pattern Jury Instructions.[29] We agree with the trial court's refusal to charge the jury on defense of persons. "It has long been the rule in this state that a request to charge must be correct, even perfect, and that it must also be legal, apt, precisely adjusted to some principle involved in the case and be authorized by the evidence."[30] Furthermore, "[i]t is never error to refuse to charge on an issue which is not adjusted to the evidence."[31] In this case, there is no evidence that Brown was defending a person at the time he threatened the Neaces. On the contrary, the evidence shows that Brown was defending his car. Accordingly, the charge of defense of persons was not adjusted to the evidence, and the trial court did not err by refusing to give it.

11. Finally, Brown contends the trial court erred by denying him the opportunity to poll the jury and to have a presentencing hearing. When asked whether he wanted to poll the jury, Brown said he did not. Thus, Brown waived the opportunity. Further, OCGA § 17-10-2 provides for presentence hearings in felony cases, not misdemeanor cases. Therefore, this contention, too, fails.

In any event, Brown did not request a presentence hearing despite the trial court's inquiries as to whether Brown wanted to submit additional evidence or offer anything in closing prior to sentencing. As stated earlier, the failure to object waived the claimed error.[32]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

---

[27] *Stokes v. State*, 232 Ga. App. 232 (501 SE2d 599) (1998).

[28] *Hill v. State*, 239 Ga. 799 (239 SE2d 15) (1977).

[29] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 2 (I); Part 3 (AA) (4) (2nd ed. 1991).

[30] *Freeman v. State*, 268 Ga. 185, 189 (4) (486 SE2d 348) (1997); see also *McCoy v. State*, 262 Ga. 699, 701 (3) (a) (425 SE2d 646) (1993); *Hill v. State*, 211 Ga. 683, 685 (4) (88 SE2d 145) (1955).

[31] *Chester v. State*, 267 Ga. 9 (471 SE2d 836) (1996), citing *Bland v. State*, 210 Ga. 100, 107 (8) (78 SE2d 51) (1953).

[32] *Martin v. State*, 219 Ga. App. 277, 281 (5) (464 SE2d 872) (1995).

DECIDED OCTOBER 24, 2000.

Ricky R. Brown, *pro se.*
*Keith C. Martin, Solicitor, Evelyn P. Sandefur, Assistant Solicitor,* for appellee.