# Court of Appeals
# of the State of Georgia

ATLANTA,  September 15, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0209. EMBERY MCBRIDE v. TERRY BARNARD et al.**

Embery McBride is serving a life sentence for his 1986 rape and aggravated sodomy convictions. See *State v. McBride*, 258 Ga. 321 (368 SE2d 758) (1988). In 2024, he filed a mandamus petition against the Georgia Board of Pardons and Paroles and three affiliated individuals, challenging the board's denial of his requests for parole. The trial court entered an order dismissing the petition. McBride later filed a motion to set aside that order, claiming that he had not received a copy of it. The trial court denied the motion, and McBride appeals directly to this Court. We, however, lack jurisdiction.

A party generally has a right of direct appeal from an order refusing to set aside a prior order based on the trial court's alleged failure to notify the party of its decision. See *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 613 (1) (545 SE2d 34) (2001). However, under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because McBride is incarcerated, he was required to file an application for discretionary appeal in order to appeal the ruling in this civil case. See *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018) (dismissing prisoner's direct appeal of trial court's order in mandamus proceeding), disapproved in part on other grounds by *Hart v. State*, ___ Ga. ___, ___ (1), n. 9 (917 SE2d 631) (Case No. S25A0136, June 24, 2025). McBride's

failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___09/15/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.